**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| ARTHUR J. WEIS, <br><br>              Plaintiff, <br><br>      v. <br><br> INTEROCEAN AMERICAN SHIPPING CORP., et al., <br><br>              Defendants. | Civil No. 09-2065 (RMB) <br><br> **ORDER TO SHOW CAUSE** |

    This matter comes before the Court upon its own motion.  On April 30, 2009, the plaintiff, Arthur J. Weis, (the "Plaintiff") initiated a lawsuit by filing a Complaint with this Court. [Docket No. 1].  The Complaint fails to specify any basis for the Court's subject-matter jurisdiction, as required by Federal Rule of Civil Procedure 8(a)(1).  As the Complaint seeks recovery for unspecified "injuries" to Plaintiff (Compl. ¶¶ 9-10), and does not name any federal cause of action, the Court proceeds on the assumption that its jurisdiction is grounded in the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.  For purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs."

    Plaintiff, the party seeking to bring this matter before the

1

Court, bears the burden of proving that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).  Frederico v. Home Depot, 507 F. 3d 188, 193 (3d Cir. 2007); Samuel-Bassett v. Kia Motors America, Inc., 357 F. 3d 392, 398 (3d Cir. 2004). Factual questions or disputes involving the amount in controversy are to be resolved by the Court under the preponderance of evidence standard.  Frederico, 507 F. 3d at 194 (the party alleging jurisdiction must "justify his allegation by a preponderance of evidence") (citing McNutt v. General Motors Acceptance Corp. Of Indiana, 298 U.S. 178 (1936)); see also Samuel Bassett, 357 F.3d at 398.  In other words, a plaintiff asserting federal jurisdiction must prove to a reasonable probability that jurisdiction exists.

   Where the relevant facts as to the amount in controversy are not in dispute or findings have been made, the Court must then apply the legal certainty test established in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938). Frederico, 507 F.3d at 194.  Under the Red Cab test, "a case must be dismissed . . . if it appears to a legal certainty that the plaintiff cannot recover more than the jurisdictional amount of $75,000."  Id. at 195 (emphasis added) (internal citation and quotations omitted).  In other words, even where the amount in controversy is determined to be in excess of $75,000 under the preponderance of evidence standard, the plaintiff's ability to

recover such amount may be legally impossible, rendering dismissal proper.

Clearly, then, before this Court can engage in the above jurisdictional analysis, it must have all the necessary facts to do so. Initially, the Court's determination of the amount in controversy "begins with a reading of the complaint . . . ." Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392, 398 (3d Cir. 2004). "If the complaint is open-ended and does not allege a specific amount, the Court must perform an independent appraisal of the value of the claim . . . ." Russ v. Unum Life Insurance Co., 442 F. Supp. 2d 193, 197 (D.N.J. 2006).

The ultimate burden of showing that the case is properly before the Court rests with the party asserting jurisdiction. Valerio v. Mustabasic, 2007 WL 2769636, *3 (D.N.J. Sept. 21, 2007); see also Frederico, 507 F. 3d at 193 ("It is now settled in this Court that the party asserting federal jurisdiction . . . bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court.").

Here, the Complaint reveals little by way of predictable damages, nor does it specify the state-citizenship of the parties. In the most generic of terms, the Complaint states that Plaintiff "was rendered sick, sore, lame and disabled and sustained severe permanent personal injuries, was and is internally and externally disabled causing him to suffer pain,

and for a time he was prevented from attending to his daily labors, thereby losing sums of money which he otherwise would have earned as wages . . . ." (Compl. ¶ 10.) The Complaint fails to provide any details about the incident that allegedly caused Plaintiff's injuries, the nature of his injuries, and the effect of his injuries.  It certainly does not explain how these injuries give rise to $75,000 in controversy.  The Complaint specifies neither the state-citizenship of Plaintiff, nor any of the defendants.  Thus, at this juncture, the Complaint requires this Court to speculate and, therefore, the Plaintiff has not met his burden.  See Valerio, 2007 WL 2769636, *3 (citing Kleiss v. Granite Run Mall, 2006 WL 562203, *3 (E.D. Pa. March 6, 2006)).

THUS, IT IS HEREBY **ORDERED** that, on or before **May 14, 2009**, Plaintiff must **SHOW CAUSE** by written submission as to why this case should not be dismissed for lack of subject matter jurisdiction, and must file an **AMENDED COMPLAINT** pursuant to Federal Rule of Civil Procedure 15(a), which complies with the pleading requirements of Federal Rule of Civil Procedure 8(a).

Dated: May 5, 2009                s/Renée Marie Bumb
                                  RENÉE MARIE BUMB
                                  United States District Judge