**FRIEDMAN, JAMES & BUCHSBAUM LLP**
Attorneys for Plaintiff
200 Craig Road
Manalapan, NJ 07726
(732) 431- 1978
JJ-8110

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------X

ARTHUR J. WEIS,

                            Plaintiff,

       -against-

INTEROCEAN AMERICAN SHIPPING,
CORP., REDSTONE SHIPPING CORP.,
GLOBAL CONTAINER LINES, LTD.,
and SHIPTRADE, INC.,

                            Defendants.

-------------------------------------------------------X

**Civil Action Number:**
**09-2065(RMB)(JS)**

**PLAINTIFF DEMANDS**
**A TRIAL BY JURY**

**AMENDED COMPLAINT**

**SEAMAN'S CASE UNDER**
**THE JONES ACT FOR**
**PERSONAL INJURIES**

**SUITS UNDER SPECIAL RULE FOR SEAMEN TO**
**SUE WITHOUT SECURITY OR PREPAYMENT OF**
**FEES FOR THE ENFORCEMENT OF THE LAWS**
**OF THE UNITED STATES, COMMON AND**
**STATUTORY, FOR THE PROTECTION AND**
**HEALTH AND SAFETY OF SEAMEN AT SEA**

    Plaintiff ARTHUR J. WEIS for his Amended Complaint against defendants INTEROCEAN AMERICAN SHIPPING CORP., REDSTONE SHIPPING CORP., GLOBAL CONTAINER LINES, LTD. and SHIPTRADE, INC., alleges upon information and belief, as follows:

1

### FIRST COUNT AGAINST DEFENDANTS INTEROCEAN AMERICAN SHIPPING CORP., REDSTONE SHIPPING CORP., GLOBAL CONTAINER LINES, LTD. and SHIPTRADE, INC.

1. Upon information and belief, all times hereinafter mentioned, defendants INTEROCEAN AMERICAN SHIPPING CORP., REDSTONE SHIPPING CORP., GLOBAL CONTAINER LINES, LTD. and SHIPTRADE, INC. were and still are corporations, or other business organizations, organized and existing under and by virtue of the laws of one of the States of the United States of America, and transacting and doing business in the State of New Jersey.

2. At all times and dates hereinafter mentioned, defendants owned the vessel GLOBAL PATRIOT.

3. At all times and dates hereinafter mentioned, defendants operated the vessel GLOBAL PATRIOT.

4. At all times and dates hereinafter mentioned, defendants controlled the vessel GLOBAL PATRIOT.

5. At all times and dates hereinafter mentioned, defendants chartered the vessel GLOBAL PATRIOT.

6. At all times and dates hereinafter mentioned, defendants were the owners *pro hac vice* of the vessel GLOBAL PATRIOT.

7. At all times and dates hereinafter mentioned, defendants manned the vessel GLOBAL PATRIOT.

8. That at all times and dates hereinafter mentioned, the plaintiff was a member of the crew of the vessel GLOBAL PATRIOT and an employee of defendants.

9. Plaintiff brings this action pursuant to the Jones Act, 46 U.S.C. §30104 and the general maritime law of the United States, and this Court has federal question jurisdiction pursuant to the Jones Act.

10. That on or about June 25, 2007 without any fault on the part of the plaintiff, and wholly and solely by reason of the negligence, recklessness and carelessness of defendants, and its and their agents, servants and/or employees, and by reason of the unseaworthiness of the vessel GLOBAL PATRIOT, plaintiff was caused to sustain injuries.

11. Plaintiff sustained injuries to, among other parts of his body, his left knee, left shoulder, right wrist and back when he fell in the vessel's upper tween deck on the starboard side.

12. As a result of the foregoing, the plaintiff was rendered sick, sore, lame and disabled and sustained severe permanent personal injuries, was and is internally and externally disabled causing him to suffer pain, and for a time he was prevented from attending to his daily labors, thereby losing sums of money which he otherwise would have earned as wages, and has endeavored to be cured of his injuries, and has expended sums of money to maintain himself, and will continue to endure pain and suffering, all to his damage.

13. The accident was caused by the inoperative hatch cover mechanisms that required alterative means for opening, such alternative mechanisms constituted a hazardous and dangerous condition, created a hazardous work area and constituted a failure to provide plaintiff with a safe place to work, rendered the vessel unseaworthy and in such other specifics as discovery will reveal.

14. By reason of the foregoing, plaintiff has been damaged and is entitled to just and reasonable damages.

## SECOND COUNT

15. Plaintiff repeats and realleges each and every allegation of the First Count in this Amended Complaint as if fully set forth at length herein.

16. Plaintiff is entitled to just and reasonable damages for maintenance, cure, and medical expenses for the period that he was disabled and unable to work.

**WHEREFORE**, plaintiff, ARTHUR J. WEIS demands judgment for just and reasonable damages against defendants INTEROCEAN AMERICAN SHIPPING CORP., REDSTONE SHIPPING CORP., GLOBAL CONTAINER LINES, LTD. and SHIPTRADE, INC. on the First Count, and against defendants INTEROCEAN AMERICAN SHIPPING CORP., REDSTONE SHIPPING CORP., GLOBAL CONTAINER LINES, LTD. and SHIPTRADE, INC. for just and reasonable damages on the Second Count, together with the costs, interest and disbursements of this action, and such other and further relief as this Court deems just and proper.

Dated: May 11, 2009

FRIEDMAN, JAMES & BUCHSBAUM LLP<br>
Attorneys for Plaintiff<br>
By: _____<br>
John P. James, Esq.<br>
200 Craig Road<br>
Manalapan, NJ 07726<br>
(732) 431-1978<br>
jjames@friedmanjames.com

4