KENNY, STEARNS & ZONGHETTI, LLC
Attorneys for Defendants
P.O. Box 508
Saddle River, New Jersey  07458
(973) 624-7779

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------x
ARTHUR J. WEIS,

                Plaintiff,                Case No.: 09-2065 (RMB)(JS)

  - against -

INTEROCEAN AMERICAN SHIPPING CORP.,
REDSTONE SHIPPING CORP., GLOBAL
CONTAINER LINES, LTD., and SHIPTRADE, INC.,

                Defendants.
---------------------------------------------------------------x

**ANSWER OF DEFENDANTS TO PLAINTIFF'S AMENDED COMPLAINT
<u>AND JURY TRIAL DEMAND</u>**

Defendants INTEROCEAN AMERICAN SHIPPING CORP. ("IAS"), REDSTONE SHIPPING CORP. ("Redstone"), GLOBAL CONTAINER LINES, LTD. ("Global") and SHIPTRADE, INC. ("Shiptrade"), through their undersigned attorney of record, hereby respond to plaintiff's Amended Complaint and Jury Trial Demand ("Amended Complaint"), as follows:

## ANSWERING ALLEGATIONS APPLICABLE TO FIRST COUNT

1.  Admitted as to defendant IAS; denied as to defendants Redstone, Global and Shiptrade.

2.  Admitted as to defendant Redstone; denied as to defendants IAS, Global and Shiptrade.

3.  Admitted as to defendant Global; denied as to defendants IAS, Redstone and Shiptrade.

4.  Denied as to all defendants.

5.  Admitted as to defendant Global; denied as to defendants IAS, Redstone and Shiptrade.

6.  Admitted as to defendant Redstone; denied as to defendants IAS, Global and Shiptrade.

7.  Admitted as to defendant IAS; denied as to defendants Redstone, Global and Shiptrade.

8.  Admitted that plaintiff Arthur J. Weis ("Weis") was a member of the crew of the vessel GLOBAL PATRIOT; admitted he was employed by defendant IAS; denied he was employed by Redstone, Global and Shiptrade.

9.  The allegations set forth in the NINTH paragraph of the Amended Complaint are statements of law to which no response is required.

10. Denied as to all defendants.

11. Denied as to all defendants.

12. Denied as to all defendants.

13. Denied as to all defendants.

14. Denied as to all defendants.

## ANSWERING ALLEGATIONS APPLICABLE TO SECOND COUNT

15. Defendants repeat and reallege each and every admission and denial contained in the foregoing paragraphs of this Answer with the same force and effect as if set forth at length.

16. Denied as to all defendants.

## AS AFFIRMATIVE DEFENSES TO ALL COUNTS

17. The Court may not exercise personal jurisdiction over defendants Redstone, Global and Shiptrade.

18. Plaintiff owed a duty of reasonable care in the circumstances for his own safety. If plaintiff was injured as he alleges, his injuries were caused or brought about wholly or in part by his own contributory negligence and his recovery of damages, if any, must be proportionally reduced, or offset entirely, as a result of his contributory negligence.

19. If plaintiff was injured as he alleges, which is denied, he has a duty to mitigate his damages, and any failure of plaintiff to mitigate his damages may be introduced at trial to reduce, or offset entirely, any amounts claimed as damages.

20. If plaintiff was injured as he alleges, which is denied, defendants may not be held liable or otherwise responsible for anything arising out of plaintiff's pre-existing injuries and/or medical conditions.

21. If plaintiff was injured as he alleges, which is denied, his injuries were caused or brought about wholly or in part by negligence, fault or want of care, of third parties over whom defendants have no control and for whom defendants may not be held liable.

22. To the extent defendants, or any one of them, made payments to plaintiff and/or on plaintiff's behalf which had the effect of reducing, or offsetting entirely, damages he may claim in this lawsuit, such defendants are entitled to claim the sums paid by them to plaintiff and/or on plaintiff's behalf and, in addition, are entitled to claim the value of such payments as reducing and/or offsetting plaintiff's damages entirely.

**PRAYER FOR RELIEF**

WHEREFORE, defendants IAS, Redstone, Global and Shiptrade request an order be entered granting dismissal of the Amended Complaint, entry of a judgment in favor of said defendants, with costs, disbursements and attorneys' fees and for any further relief that the Court may deem to be just proper.

**JURY DEMAND**

Defendants demand a trial by jury on all issues so triable.

Dated:  Saddle River, New Jersey
        June 12, 2009

                         KENNY, STEARNS & ZONGHETTI, LLC
                         Attorneys for Defendants

                         */s/ Noreen D. Arralde*
        By:  _____
                         Noreen D. Arralde (NA 7723)

                         P.O. Box 508
                         Saddle River, New Jersey  07458
                         (973) 624-7779
                         narralde@kszlaw.com

TO:  FRIEDMAN, JAMES & BUCHSBAUM LLP
      Attorneys for Plaintiff
      200 Craig Road
      Manalapan, New Jersey  07726

      Attention:  John P. James, Esq.