```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW JERSEY
                  CAMDEN VICINAGE
```

| | |
|---|---|
| ARTHUR J. WEIS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>INTEROCEAN AMERICAN SHIPPING CORP, et al.,<br><br>　　　　　　Defendants. | Civil No. 09-2065-RMB-JS |

### SCHEDULING ORDER IN ARBITRATION CASE

　　　　This Scheduling Order confirms the directives given to counsel at the initial scheduling conference on July 29, 2009; and the Court noting the following appearances: John P. James, appearing on behalf of plaintiff; and Noreen D. Arralde,, appearing on behalf of defendants.

　　　　IT IS this **3rd** day of **August, 2009**, hereby **ORDERED**:

　　　　1.　Initial written discovery requests shall be served by **August 28, 2009**. Any responses, answers and objections to initial written discovery requests shall be served in accordance with Court Rules.

　　　　2.　The parties shall return signed records authorizations within three (3) weeks of their receipt.

　　　　3.　Defendants' Fed. R. Civ. P. 35 examination(s) of plaintiff shall be completed before the end of the fact discovery deadline.

　　　　4.　The time within which to seek amendments to the pleadings or to add new parties will expire on **December 21, 2009**.

　　　　5.　Pretrial factual discovery is hereby extended to **March 31, 2010**. All pretrial discovery shall be concluded by that date. All discovery motions and applications pursuant to L. Civ. R. 37.1(a)(1) shall be made returnable before the expiration of pretrial factual discovery.

　　　　6.　**Depositions**. All depositions are to be conducted in accordance with the procedures set forth in the order of Judge Gawthrop, in <u>Hall v. Clifton Precision</u>, 150 F.R.D. 525 (E.D.Pa. 1993).

7. All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of plaintiff shall be served upon counsel for defendants not later than **April 30, 2010**. All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of defendants shall be served upon counsel for plaintiff not later than **May 31, 2010**. Each such report should be accompanied by the curriculum vitae of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed.

The parties shall reserve their rights to conduct depositions of proposed expert witnesses until after the arbitration process or by leave of the Court to be sought via conference call application.

For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of FED. R. CIV. P. 26(a)(2)(B).

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. EVID. 701 and Teen-Ed v. Kimball International, Inc., 620 F.2d 399 (3d Cir. 1980).

8. **Dispositive Motions**. Dispositive motions shall be filed with the Clerk of the Court no later than **June 15, 2010**. Opposition to the motion should be served in a timely fashion. Counsel are to follow L. CIV. R. 7.1(c), (d) and (e), 56.1 and 78.1 (Motion Practice - Generally).

9. **Arbitration.** This case will be scheduled for arbitration pursuant to L. CIV. R. 201.1 The Clerk will advise counsel of the time and place of arbitration. By copy of this Order, the Clerk will be requested to schedule the arbitration for a date in **August, 2010**.

10. **Joint Final Pretrial Order.** If counsel petitions for a trial de novo after arbitration, the date for submission of the Joint Final Pretrial Order will be scheduled and the date for trial will be set.

11. The Court will conduct a telephone status conference on **December 3, 2009 at 9:30 a m.**. **Counsel for plaintiff shall initiate the telephone call**.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER F$_{\text{ED}}$. R. C$_{\text{IV}}$. P. 16(f).**

                                              s/ Joel Schneider
                                              JOEL SCHNEIDER
                                              United States Magistrate Judge