[Doc. No. 27]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

ARTHUR J. WEIS,

            Plaintiff,

    v.

INTEROCEAN AMERICAN SHIPPING
CORP, et al.,

            Defendants.

Civil No. 09-2065 (RMB/JS)

## O R D E R

This matter is before the Court on the "Motion to Withdraw as Counsel" [Doc. Nos. 27, 33] filed by Noreen D. Arralde, Esquire, of Kenny & Zonghetti, LLC, counsel for defendants Interocean American Shipping Corp. ("Interocean"), Redstone Shipping Corp. {"Redstone"), Global Container Lines, Ltd. ("Global") and Shiptrade, Inc. ("Shiptrade"); and Ms. Arralde seeking to withdraw as counsel for Interocean, Redstone, Global and Shiptrade; and there being no opposition to Ms. Arralde's motion; and Ms. Arralde representing that she served all defendants with a copy of her motion to withdraw; and all defendants having had an adequate opportunity to express any objection to Ms. Arralde's motion; and the Court having held a hearing on Ms. Arralde's motion on June 20, 2011; and the Court noting that bankruptcy counsel for Global, Shiptrade and Redstone, C. Nathan Dee, Esquire, appeared by phone at the June 20, 2011 hearing; and the Court further noting that a

representative of Interocean appeared at the hearing; and the Court further noting that on June 23, 2011, it entered an Order denying Ms. Arralde's motion without prejudice [Doc. No. 30] because it did not have all relevant information necessary to decide her motion; and the Court having been provided with additional information from Ms. Arralde; and Ms. Arralde arguing that she can no longer represent all defendants because of a conflict of interest that developed; and Ms. Arralde further arguing that the conflict arises from the fact that defendants no longer have common defense and indemnity coverage; and Ms. Arralde averring that she cannot continue to represent the interests of all defendants because "the interests of Interocean may become materially adverse to the interests of Global, Redstone and Shiptrade with respect to liability for plaintiff's claims and the applicable provisions of the Crewing Agreement (Motion ¶12, Doc. No. 27); and

The Court finding pursuant to L. Civ. R. 102.1, unless other counsel is substituted, withdrawal of counsel requires leave of court; and the Court further finding that the decision of whether to permit withdrawal is within the discretion of the court (Racinow v. Kamara, 920 F. Supp. 69, 71 (D.N.J. 1996)); and the Court further finding that in deciding whether to permit an attorney to withdraw, the court should consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal

will delay the resolution of the case" (id.); and the Court further finding that pursuant to L. Civ. R. 103.1, the New Jersey Rules of Professional Conduct govern the conduct of the members of the bar admitted to practice in this court; and the Court further finding that pursuant to N.J.R.P.C. 1.16(a)(1), a lawyer shall withdraw from the representation of a client if "the representation will result in violation of the Rules of Professional Conduct"; and the Court further finding that pursuant N.J.R.P.C. 1.7 (a) "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest"; and

The Court further finding that Ms. Arralde has demonstrated that even if there is not currently a conflict of interest, there is good cause to believe a conflict is imminent; and the Court further finding that pursuant to N.J.R.P.C. 1.16(b)(7) a lawyer may withdraw from representing a client if "other good cause for withdrawal exists"; and the Court further finding that Ms. Arralde reasonably believes she will not be able to provide competent and diligent representation to the defendants now that they no longer have a common defense and insurance provider (see Wolpaw v. General Acc. Ins. Co., 272 N.J. Super. 41, 45 (App. Div.), certif den. 137 N.J. 316 (1994) (finding that co-defendants who were insured by same carrier had common interest in minimizing their own fault but maximizing fault of the others, and those interests conflicted, causing each defendant to have to retain separate counsel)); and

The Court further finding that withdrawal will not

unreasonably delay resolution of the case; and good cause existing for the entry of this Order,

IT IS HEREBY ORDERED this 19th day of October, 2011, that the motion of Noreen D. Arralde, Esquire, to Withdraw as Counsel for defendants is GRANTED: and

IT IS FURTHER ORDERED that Ms. Arralde and Kenny & Longhetti, LLC, shall be withdrawn as counsel for defendants and this shall be noted on the court's docket upon satisfaction of the conditions identified in this Order regarding service of the Order; and

IT IS FURTHER ORDERED that Ms. Arralde shall serve a copy of this Order on defendants via Regular and Certified Mail, Return Receipt Requested, within three (3) days of her receipt of this Order. Ms. Arralde shall also file Proof of Service with the court within seven (7) days of service.  If received, Ms. Arralde shall also file defendants' acknowledgment of receipt of a copy of this Order; and

IT IS FURTHER ORDERED that the Clerk of the Court shall note on the docket that Shiptrade's, Global's, and Redstone's addresses are 100 Quentin Roosevelt Blvd., Suite 305, Garden City, NY 11530, and that Interocean's address is 302 Harper Drive, Suite 200, Moorestown, NJ 08057; and

IT IS FURTHER ORDERED that defendants shall be advised that as corporate parties, they are not permitted to represent themselves in court and that a default judgment may be granted against them if they are not represented by counsel; and

IT IS FURTHER ORDERED that by November 30, 2011, defendants shall arrange for substitute counsel; and

IT IS FURTHER ORDERED that a conference call with all parties is scheduled on December 9, 2011 at 10:30 a.m. Plaintiff's counsel shall arrange the conference call.

s/Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge